### THE AUTOMATIC.

### THE NAUTILUS.

(District Court, S. D. New York. February 27, 1924.)

1. **Collision** ⊸85—**Evidence held to show mutual fault.**
   Evidence that one tug entered fog bank at full speed, sounding her whistle, and another tug in fog failed to stop or slow down, *held* to show mutual fault for resulting collision.

2. **Collision** ⊸80—**Vessel in fog, hearing whistle forward of beam, must stop.**
   A vessel in a fog, hearing a whistle forward of its beam, must stop as soon as it safely can, and ascertain position of other vessel.

3. **Collision** ⊸82(1)—**Vessel in fog has no right to navigate full speed.**
   Under rule 13, a vessel in a fog has no right to navigate full speed, whether whistles are being heard or not.

In Admiralty. Libel by the Interstate Transportation Company against the tugs Automatic and Nautilus. Damages divided.

Paul Speer, of New York City, for libelant.
Anthony V. Lynch, Jr., of New York City, for the Automatic.
A. Howard Neely, of New York City, for the Nautilus.

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEARNED HAND, District Judge. [1] In this case I think both the vessels are at fault. I should have had no question of imposing sole liability upon the Nautilus, were it not for the testimony of the master of the Automatic that, after he got his tow straightened out off Pier 8, he went into full speed, and so continued through the fog and until the Nautic told him, somewhere off Hamilton avenue, that there had been a collision. There is some question in my mind whether the master really meant what he said; but as the question was put to him several times, and he answered it categorically, I can decide the case in no other way than by accepting it as the truth. To reject it would clearly be improper on a mere surmise.

[2, 3] If so, he stands charged with fault under the thirteenth rule, because full speed is not moderate speed, and is unlawful in a fog, even though there be no fog whistles forward of the beam. The master's testimony as to whether he did hear such whistles is not altogether clear. In one place he says he did, but at another it seems to be doubtful whether he meant to be so understood. However, his general duty in a fog is one thing, and his duty when he hears a whistle forward on his beam is still another. Each duty is separate. The second requires him to stop so far as he safely can, and ascertain the position of the vessel which he hears; but, regardless of that, he has no right to navigate full speed, whether he hears whistles or not.

I must take this fault as contributing to the collision. Even if I take Omerod's testimony that the difference between half and full speed is only one knot, that means 100 feet a minute. The barge was struck at her forward end, which was about 380 feet from the Automatic's bows. Had she reduced to half speed, the Nautilus would have crossed her bows, if the collision happened at any time later than 4 minutes after the Automatic in fact entered the fog bank. As the tow was in the fog bank 10 or 15 minutes, and it does not appear that the collision occurred within the first 5 minutes, the fault of failing to reduce speed may have been a cause of the collision. That uncertainty is enough to charge the tug.

I need not dwell on the fault of the Nautilus. I believe that the Automatic blew fog signals, which the Nautilus should have heard. It is incredible that a tug with her tow should have neglected such a precaution, however careless otherwise. To blow a fog whistle is second nature to any master. The testimony of his crew bears him out, and the testimony of the Nautilus' master is no more than that he heard no whistle. With his foredeck full of longshoremen to distract his attention, that is not unlikely.

If the Automatic was sounding her whistle, and if the Nautilus was chargeable with notice of it, as she was, she was likewise chargeable with the duty of stopping so far as the circumstances permitted. Being, as she says, head on to the tide, nothing prevented her slowing down practically to a stop till she could ascertain the position of the tow. She must be charged with fault in failing to do so.

Damages divided.